ORIGINAL

# In the United States Court of Federal Claims

No. 15-102V

(Filed Under Seal: June 9, 2016)

(Refiled for Public Availability: June 27, 2016)[1]

FILED
JUN 2 7 2016
U.S. COURT OF
FEDERAL CLAIMS

*****************************************
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SUSAN MARSHALL, | |
| Petitioner, | |
| v. | Dismissal of Vaccine Claim; Pro Se Petitioner; Failure to Prosecute. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*****************************************

*Susan Marshall,* Norcross, Georgia, pro se Petitioner.

*Adriana Teitel,* with whom were *Benjamin C. Mizer,* Principal Deputy Assistant Attorney General, *Rupa Bhattacharyya,* Director, *Vincent J. Matanoski,* Deputy Director, and *Gabrielle M. Fielding,* Assistant Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

## OPINION AND ORDER

WHEELER, Judge.

This vaccine case is before the Court on Petitioner's motion for review of the Special Master's January 7, 2016 decision dismissing this petition for failure to prosecute under Vaccine Rule 21(b), and granting Respondent's motion to dismiss. Marshall v. Sec'y of Health and Human Servs., No. 15-102V, slip op. (Fed. Cl. Spec. Mstr. Jan. 7, 2016)

---

[1] This opinion was originally filed on June 9, 2016 and held under seal for fourteen days during which the parties had the opportunity to consult and indicate to Chambers any appropriate redactions. No redaction requests were received, and this Opinion is now public. Rules of the Court of Federal Claims ("RCFC"), App. B, Rule 18(b).

(hereinafter the "Decision"). For the reasons explained below, the Court affirms the Special Master's dismissal decision.

## Background

On February 2, 2015, Petitioner Susan Marshall, acting pro se, filed this petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), seeking compensation for the death of her adult son, Antron Javar Thompson. Although the Petition and accompanying medical records are very difficult to understand, it seems that Petitioner is alleging that her son died as a result of complications from an influenza vaccination given to him while he was being treated for a variety of medical conditions in U.S. Veterans Administration ("VA") facilities. The date of administration of the vaccination is not clear from Petitioner's filings. The death certificate for her son shows a date of death of January 30, 2013. Pet. Ex. 1 at 166.

On May 28, 2015, Chief Special Master Nora Beth Dorsey, who was then presiding over this case, conducted an initial status conference by telephone. In her order following the conference, the Chief Special Master noted her explanation to Ms. Marshall that this Court's jurisdiction is limited to vaccine injury claims and the Court would not address her other complaints against the VA. The Chief Special Master included in her order a list of attorneys willing to represent petitioners in vaccine cases, as well as a deadline of July 31, 2015 to notify the Court of her decision on retaining an attorney. Order, June 1, 2015, Dkt. No. 9. A subsequent Order by the Special Master indicated that the June Order sent by the Court to Petitioner had been returned as undeliverable on August 4, 2015, and ordered Petitioner to contact the Court by September 23, 2015, or else her claim would be dismissed for failure to prosecute. Order, August 20, 2015, Dkt. No. 11. As noted in the docket, Ms. Marshall did contact the Court by email before the September 23 deadline, requesting that the list of vaccine attorneys be sent to her again. This was done by another Special Master's Order, which extended the time for substitution of counsel to October 28, 2015. Order, September 4, 2015, Dkt. No. 12. On October 29, 2015, Petitioner filed with the Court a "Motion for Substitution of Counsel," which seems to indicate that Petitioner was unable to retain counsel after contacting one of the attorneys on the list supplied by the Special Master. Dkt. No. 17.

On October 28, 2015, this case was reassigned to Special Master Mindy Roth, who issued the dismissal decision under review here. In an Order to Show Cause filed on November 10, 2015, Special Master Roth indicated that her office had attempted to reach Ms. Marshall by email and telephone without success, and that the Special Master wished to hold a status conference in this case. She also noted Petitioner's failure to comply with the September 4, 2015 Order as well as her failure to keep the Court apprised of her contact information. The Show Cause Order required Ms. Marshall to provide more specific information identifying the date and name of the vaccination she believed caused her son's death, and its location in the medical records Petitioner submitted. The Order attached a

form to be used by Petitioner to help her set out a timeline of events leading to her son's death, including the date of vaccination claimed to have caused his death. The deadline for submission of this information was set at December 10, 2015. Special Master Roth concluded the Show Cause Order with a warning that failure to comply would result in immediate dismissal, especially since this would be the second time Petitioner had failed to comply with such an Order in this case. Order, November 10, 2015, Dkt. No. 18. Although there is nothing in the record to show that the Order and accompanying forms were returned as undeliverable, nothing further was heard from Petitioner before Special Master Roth issued her decision dismissing this case on January 7, 2016.

Petitioner's Motion for Review is also difficult to understand, but she apparently maintains that she did not receive some of the Orders in this case including the November 10 Show Cause Order, even though they were not returned as undeliverable. However, Petitioner did receive the list of attorneys willing to represent pro se petitioners, see her Letter, Dkt. No. 17, and her Motion for Review, Dkt. No. 21, at p. 11. She also received the Dismissal Order. Id. at 12.

## Jurisdiction and Standard of Review

This Court has jurisdiction to review the vaccine decisions of the Special Masters in accordance with 42 U.S.C. § 300aa-12(e)(1)-(2). The Special Master's findings of fact receive deferential review under an "arbitrary and capricious" standard, while the Court reviews legal conclusions under the "not in accordance with law" standard, and discretionary rulings for an "abuse of discretion." Munn v. Sec'y of Health & Human Servs., 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). A dismissal for failure to prosecute is reviewed under the abuse of discretion standard. Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990); Adkins v. United States, 816 F.2d 1580, 1582 (Fed. Cir. 1987).

## Discussion

Special Master Roth's decision details the instances where Petitioner failed to comply with court orders during the pendency of this case. It appears from the record that Petitioner did not keep the Court informed of her contact information, despite many attempts by each of the Special Masters and their staff to contact her. Special Master Roth's November 10, 2015 Show Cause Order provided to Petitioner guidance on explaining her case without benefit of counsel, since it appeared that she was unable to secure legal assistance. Petitioner has never responded to the directives in that Order.

It appears that the two Special Masters assigned to the case each made an effort to accommodate Petitioner's pro se status, but were unable to effectively communicate with her despite their efforts. Vaccine Rule 21(b) provides for involuntary dismissal by a special master for "failure of the petitioner to prosecute or comply with these rules or any order of

the special master or the court." Failure to obey court orders constitutes a valid ground for dismissal at the discretion of the Special Master. See Padmanabhan v. Sec'y of Health & Human Servs., No. 2016-1074, 2016 WL 463085 (Fed. Cir. Feb. 8, 2016); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011). The Court is mindful of Petitioner's pro se status and has carefully considered the possibility that Petitioner may not be familiar with the Court's rules. Although pro se litigants are generally afforded some leniency in procedural matters, they cannot fail to provide essential contact information nor may they disregard the timetables set by court orders and rules. See Carpenter v. United States, 38 Fed. Cl. 576, 578 (1997). In this case, the Court finds that the Special Master did not abuse her discretion in dismissing this case.

Respondent also filed a motion to dismiss the petition in this case, Dkt. No. 6, based on a claim of untimely filing of the petition under the statute of limitations for vaccine injury claims, 42 USC § 300aa-16(a)(3). Because the Court has affirmed the Special Master's dismissal for failure to prosecute, this issue need not be addressed.

Petitioner's Motion for Review is DENIED.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge