ORIGINAL

REISSUED FOR PUBLICATION
AUG 22 2016
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-102V
Filed: January 7, 2016

FILED
JAN -7 2016
OSM
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SUSAN MARSHALL, | \* |
| | \* |
| Petitioner, | \* Failure to Comply with Court |
| | \* Orders; Statute of Limitations. |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Susan Marshall*, Norcross, GA, pro se.
*Adriana Teitel, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DISMISSAL DECISION[1]

**Roth,** Special Master:

On February 2, 2015, Susan Marshall ["Ms. Marshall" or "petitioner"], acting *pro se*, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"], seeking compensation for the death of her son, Antron Javar Thompson. Filed with the petition were several hundred pages of medical records, some of which appear to have been annotated by petitioner herself. Based on

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

the documents filed, it is unclear precisely which vaccination petitioner believed to be allegedly causal. *See generally* Petition, Petitioner's Exhibit 1.

On several occasions during the eleven-month pendency of this matter, petitioner has failed to comply with court orders. For the reasons set forth below, I dismiss this petition for failure to comply with court orders pursuant to Vaccine Rule 21(b). Additionally, I grant respondent's motion to dismiss on the grounds that this claim was untimely filed.

### I. Factual and Procedural History.

Ms. Marshall filed her claim on February 2, 2015. The petition, which was titled "Complaint," was comprised of 12 handwritten pages and included partial transcriptions of Rule 1 of the Vaccine Rules (Petition at 7) and Appendix H to the Rules of the United States Court of Federal Claims (Petition at 10).[3] Based on the petition, it appears that Ms. Marshall's son, Mr. Thompson, was a patient at the Atlanta Veterans Affairs Medical Center. The petition states that Mr. Thompson was hospitalized from September 26, 2012 until December 31, 2012. Petition at 3. "[B]efore leaving to go home," he was apparently given an influenza vaccination. *Id.* The petition then alleges that Mr. Thompson "begin having fevers Nov. 02, 2012; at home and had to be returned to Atlanta Medical Center emergency room and stay about 2 days in the ICU for spetic shock and other medical issues; that lead to the death of Mr. Thompson [sic]." *Id.*

Later, the petition alleges that Mr. Thompson was a patient at the Atlanta Veterans Affairs Medical Center until January 23, 2013, and that he "were deceased Nov. 30, 12." *Id.* at 4. The petition also alleges that Mr. Thompson was denied necessary medical treatment and was "kidnap[ped]..., covering up the illness; that was from the Influenza vaccine [sic]." *Id.* at 5. It appears that petitioner is alleging that her son's influenza vaccination caused him to develop sepsis and ultimately die, but this assumption is by no means borne out by the contents of the petition. The petition is replete with inconsistent dates. The final page of the petition is a note in petitioner's hand, apparently signed by Mr. Thompson, stating that he "was smother by" a doctor at the VA hospital on November 20, 2011. The note was dated September 24, 2012. *Id.* at 14.

With the petition, Ms. Marshall filed some of her son's medical records, many of which she appears to have written on. *See, e.g.,* Petitioner's Exhibit [hereinafter "Pet. Ex."] 1 at 12, 14, 22-25, 173, 177. Others have been redacted. *See* Pet. Ex. 1, at 60-90. Mr. Thompson's death certificate states that he was pronounced dead at 2253 (presumably 11:53pm) on January 30, 2013. Pet. Ex. 1 at 166. His primary cause of death was complications of cerebral infarct as a consequence of hypertension. *Id.* Other significant conditions contributing to his death were end-stage renal disease and AIDS. *Id.* On February 12, 2013, Dr. Geoffrey Smith performed an autopsy on Mr. Thompson. Pet. Ex. 1 at 52-56. Dr. Smith's summary included cerebral infarct; a

---

[3] Because the petition and the accompanying documents were not individually numbered, I will refer to the automatic numbers generated via CM/ECF.

subdural hematoma; bronchopneumonia, probable pneumocystis; a history of central nervous system toxoplasmosis, complicating HIV/AIDS; hydrocephalus; end-stage renal disease; and hypertension.

On April 24, 2015, respondent filed a Rule 4(c) report and a motion to dismiss the case as untimely filed. Five days later, Chief Special Master Dorsey, who was then presiding over this matter,[4] issued an Order scheduling a status conference for May of 2015. Although this Order was apparently returned as undeliverable (*see* ECF No. 8), the status conference was conducted as scheduled.

Chief Special Master Dorsey noted that during the status conference, petitioner "expressed concern regarding the care her son received at the Veteran Affairs ("VA") hospital." Order, issued June 1, 2015 [ECF No. 9], at 1. The Chief Special Master told her that this claim "only pertained to her vaccine injury claim on behalf of her son," and, "[i]n the event that [she] ha[d] inadvertently filed her claim with this Court," asked that "she dismiss her claim." *Id.* The Chief Special Master provided petitioner with information on exiting the Program. She also granted Ms. Marshall until July 31, 2015 to retain counsel and provided her with a list of attorneys accepting Vaccine Injury Program clients. *Id.*

The Order was returned as undeliverable, despite having been sent to the mailing address Ms. Marshall provided during the status conference. *See* ECF No. 10. On August 20, 2015, the Chief Special Master issued an Order directing petitioner to contact the court by September 23, 2015 or face dismissal of her claim for failure to prosecute pursuant to Vaccine Rule 21(b)(1). Order, issued Aug. 20, 2015 [ECF No. 11]. On August 31, 2015, Ms. Marshall emailed the Chief Special Master's law clerk and requested the list of Vaccine Program attorneys. An Order issued on September 4, 2015, which included the requested list, directed Ms. Marshall to retain an attorney and file a Motion for Substitution of Counsel by October 28, 2015. Order, issued Sept. 4, 2015. The Order also directed the Clerk's Office to update Ms. Marshall's telephone number. *Id.*

On October 29, 2015, this case was reassigned to me. The same day, Ms. Marshall filed her notice of intent to remain in the Program and a letter. *See* ECF Nos. 16 and 17. The letter, which was titled "Motion for Substitution of Counsel," appeared to indicate that Ms. Marshall had contacted an attorney who had then declined representation. Ms. Marshall included another phone number in the letter. My law clerk sent petitioner several emails (one on November 3, 2015, and another on November 6, 2015) that went unanswered. My law clerk also attempted to call petitioner at both the phone number listed in the docket and the phone number included in her letter. None of the phone calls went through.

On November 10, 2015, I issued an Order to Show Cause in which I warned petitioner

---

[4] This case was reassigned to me on October 28, 2015.

3

that failure to comply with deadlines constitutes grounds for dismissal of her case. Order, issued Nov. 10, 2015 [ECF No. 18] at 3. I informed petitioner that I wished to hold a status conference to discuss her attempts to retain counsel and to clarify the sequence of events surrounding her son's death. I then ordered petitioner to do the following things before December 10, 2015: (1) contact the Court; (2) identify precisely which vaccination she believes to have caused her son's death; and (3) provide a timeline of events leading to her son's death. To assist in her efforts to provide the requested information, I included forms for Ms. Marshall to fill out.

Petitioner filed nothing in response to the Order to Show Cause. There is no indication that the Order and accompanying forms were returned as undeliverable.

## II. Failure to Prosecute.

Under Vaccine Rule 21(b), a claim may be dismissed "for failure of the petitioner to prosecute or comply with [the Vaccine Rules] or any order of the special master or the court." Vaccine Rule 21(b)(1). *See also Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996). Both the Chief Special Master and I have emphasized that refusal to comply with court orders will result in the dismissal of Ms. Marshall's claim. *See* Orders filed Aug. 20, 2015 [ECF No. 11] and Nov. 10, 2015 [ECF No. 18]. Despite these warnings, petitioner has still failed to comply with court orders. **Therefore, her claim is DISMISSED for failure to prosecute.**

## III. Dismissal for Untimely Filing.

Although ordinarily the statute of limitations for vaccine injury claims is three years, the Vaccine Act states that "if a death occurred as a result of the administration of [a] vaccine," the petition must be filed within "24 months from the date of death." § 16(a)(3). As respondent noted in her Rule 4(c) report, given that Mr. Thompson died on January 30, 2013, any claim relating to his death would only be timely if filed by January 30, 2015. *See* Respondent's Rule 4(c) Report and Motion to Dismiss, filed Apr. 24, 2015 [ECF No. 6] at 2.

Although Ms. Marshall signed an Application to Proceed *In Forma Pauperis* on January 30, 2015, like the petition, it was not received by the Court until February 2, 2015. *See* Document 1-1 [ECF No. 1] at 1-2. "A document in paper form is filed when it is received and marked filed by the clerk, not when mailed." Vaccine Rule 17(b)(4). Thus, even if Ms. Marshall mailed her petition on the date that the statute of limitations expired, because it was not received by the court until three days later, it was untimely. The claim was not filed until February 2, 2015 and is therefore barred by the statute of limitations. **Respondent's motion to dismiss is therefore GRANTED.**

4

## IV. Conclusion.

The allegations contained in the petition are very disturbing. However, petitioner has repeatedly failed to comply with court orders, and thus her claim must be dismissed. Further, even if she had complied with court orders, her claim is time-barred. Ms. Marshall should be commended for her efforts to advocate on behalf of her son both before and after his death. Her dedication to him is a credit to his memory. Nevertheless, she is not entitled to compensation under the Vaccine Act.

The petition for compensation is therefore DENIED. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
**Mindy Michaels Roth**
Special Master